1 | Michael Adams (State Bar No. 185835)
  | madams@rutan.com
2 | Meredith L. Williams (State Bar No. 292888)
  | RUTAN & TUCKER, LLP
3 | 611 Anton Boulevard, Suite 1400
  | Costa Mesa, California 92626-1931
4 | Telephone:   714-641-5100
  | Facsimile:   714-546-9035
5 |
  | Attorneys for Plaintiff
6 | THE YOUNG AMERICANS, INC.

7

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10

11 | THE YOUNG AMERICANS, INC., a California nonprofit corporation, | CASE NO.
12 | Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:
13 | v. |
14 | | 1. FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];
15 | STARMEDIA PRODUCTIONS INC., a Florida corporation, and DOES 1 through 10, inclusive, |
16 | Defendants. | 2. FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];
17 | | 3. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200, et seq.;
18 |
19 | | 4. COMMON LAW TRADEMARK INFRINGEMENT
20 | | DEMAND FOR JURY TRIAL
21

2314/027541-0004
11948332.2 a02/12/18

COMPLAINT

Plaintiff The Young Americans, Inc. ("Plaintiff"), by and for its complaint against defendants StarMedia Productions, Inc. ("Defendant StarMedia") and Does 1 through 10 (collectively, "Defendants") alleges as follows:

## NATURE OF THE CASE

1. Plaintiff is a non-profit corporation seeking injunctive and monetary relief in this action for federal trademark infringement, false designation of origin, and common law unfair competition and trademark infringement with regard to Plaintiff's registered and incontestable trademark, "The Young Americans" ("The Young American's Mark" or "Plaintiff's Mark"), which Plaintiff uses as a source identifier for its entertainment and educational services for youth in the United States and worldwide.

2. Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 et seq. (the "Lanham Act"), and California statutory and common law through its unauthorized use of "Young Americans," a mark that is confusingly similar to Plaintiff's Mark, for related and confusingly similar entertainment and education services; specifically a national television series focused on "entertaining, educating and empowering Millennials." Plaintiff thus brings this action to protect its valuable intellectual property rights in Plaintiff's Mark.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1338, and 15 U.S.C. section 1121, because Plaintiff's claims arise in part under the trademark laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Sections 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of California.

4. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants "Young Americans" show ("Defendants' Show") is produced, at least in part, in this judicial district. According to

Defendants' Website (http://www.starmediatv.com/the-shows/show-young-americans), the premiere episode of Defendants' Show was in January 2018 as part of "TLC Saturday Mornings". Defendants' Website describes Defendants' Show as a "National Television Series focusing on entertaining, educating and empowering Millennials" that "will be taped in different millennial 'hotspots' such as South Beach, New York City and Los Angeles." Further, on information and belief, Defendants have targeted their advertising of Defendants' Show to consumers residing in this judicial district through a partnership with The Learning Channel ("TLC").

5. Venue is proper in the Central District of California under 28 U.S.C. Section 1391(b) and (c) because, on information and belief, Defendants are subject to personal jurisdiction in this district and a substantial part of the events, omissions and acts that are the subject matter of this action arise out of or relate to Defendants' activities within this district, including Defendants' advertisement and broadcasting of Defendants' Show directed toward residents of this judicial district.

## THE PARTIES

6. Plaintiff is a non-profit corporation organized and existing under the laws of the State of California, with its principal place of business in Riverside County, California. Prior to April 2008, Plaintiff's registered legal name was "The New Young Americans, Inc."

7. On information and belief, Defendant StarMedia is a Florida for-profit corporation with its principal place of business at 1350 East Newport Center Drive, Suite 200, Deerfield Beach, Florida 33487. On further information and belief, Defendant StarMedia operates Defendants' Website through which it has been promoting Defendants' Show.

8. On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged

below, and are liable to Plaintiff for the damages and relief sought herein.

9. On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

10. The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff was founded in 1962 to provide student performers (15-22 years of age) with education in music, dance, performance and teaching. Since its founding, Plaintiff has provided the premier showcase for young musical talent in the United States. Plaintiff worked hard to build its image as a performance group comprised of wholesome youth, and has performed thousands of shows throughout the United States and the world. Plaintiff is credited with being the first ensemble choir to add movement, or choreography, to its musical numbers.

12. Plaintiff has operated under the name and mark "The Young Americans" continuously since 1962, and has continuously used this name for films, recordings, live entertainment, television, education classes, and merchandise, including, clothing, picture books, and posters.

13. Plaintiff's "The Young Americans" performance group has appeared on numerous television shows and recorded several of its own record albums/CDs. By way of a partial listing, "The Young Americans" performance group has appeared on national television in its own television special for ABC television, appeared on the Academy Awards® broadcast, appeared six times on the Ed Sullivan Show, and appeared in special television musical variety shows with such stars as Andy Williams, Bob Hope, Perry Como, Julie Andrews, Red Skelton,

Danny Thomas, Bing Crosby, Tennessee Ernie Ford, Jimmy Durante, Dean Martin, George Burns and Jerry Lewis.

14. "The Young Americans" group has recorded 5 major albums released by RCA Victor World Group and ABC Records. The group's audio recordings include "The Young Americans" for ABC Records, "To Richard Rodgers with Love," "Once in a Lullaby," and several appearances with other recording artists on their own albums, such as Johnny Mathis.

15. In 1967, Plaintiff, through Columbia Pictures, made a full length film titled "Young Americans," for which Plaintiff received the Oscar® for Best Documentary Feature Film.

16. In 1993, Plaintiff created and launched its National Music Outreach Tour, where members of "The Young Americans" group travel to educational institutions throughout the United States and the world to work directly with young adults from these communities. The program brings three days of intense training and workshops in dance, performance techniques and vocals to students who otherwise may never have an opportunity to perform on stage. The program has been such a great success that it now consists of 4 national tours and 6 to 7 international tours each year. During the past 25 years, the Outreach Tours have traveled to nearly all 50 states and beyond, including Canada, Japan, Germany, Netherlands, Luxembourg, Poland, England, Ireland, Scotland, Wales, North Ireland, New Zealand, Australia, Sweden, Latvia, Estonia, Czech Republic, Spain, Gibraltar, Russia, South Africa, China, Hong Kong, Singapore, and the Ukraine. During each year of touring, "The Young Americans" perform and work with over 35,000 young people.

17. In addition, since 1964, Plaintiff continuously has used the "The Young Americans" mark on and in connection with pre-recorded audio recordings of the group's performances. Plaintiff has also continuously used the "The Young Americans" mark on and in connection with clothing items since 1968. Further,

Plaintiff operates a private postsecondary two-year college under the name "The Young Americans College of the Performing Arts," which is approved to operate by the California Bureau for Private Postsecondary Education. The Young Americans College of the Performing Arts is accredited by the Accrediting Commission for Community and Junior Colleges, Western Association of Schools and Colleges.

18. Plaintiff has registered Internet domain names containing its "The Young Americans" name and mark, and since March 1997, has operated a website at the Uniform Resource Locator ("URL") www.YoungAmericans.org. In addition, Plaintiff owns and uses the domain names theyoungamericans.com; theyoungamericans.de.com; theyoungamericans.jp; theyoungamericans.org.uk; theyoungamericans.tv; theyoungamericans.uk.com; theyoungamericans.us.com; youngamericans.biz; young-americans.biz; youngamericans.cc; young-americans.cc; young-americans.com; youngamericans.de.com; youngamericans.eu.com; youngamericans.info; young-americans.info; youngamericans.jp; young-americans.net; youngamericans.org; young-americans.org; youngamericans.org.uk; youngamericans.tv; young-americans.tv; youngamericans.uk.com; young-americans.us; youngamericans.asia; youngamericans.co; youngamericans.in; youngamericans.mobi; yacollege.org; yalive.com; and youngamericans.us.com

19. On February 5, 2002, Plaintiff obtained registration of The Young Americans Mark, U.S. Registration No. 2,535,518. A true and correct copy of the certificate of registration for Plaintiff's Mark is attached hereto as <u>Exhibit A</u>.

20. On June 13, 2007, Plaintiff filed with the United States Patent and Trademark Office a Combined Declaration of Use and Incontestability Under Sections 8 & 15. Plaintiff's Mark is incontestable pursuant to 15 U.S.C. Section 1065.

21. Plaintiff also has obtained a trademark registration for "The Young Americans" mark in the European Union.

22. As a result of Plaintiff's continuous use of The Young Americans Mark for over 55 years, Plaintiff's Mark is widely recognized by the public as a source identifier for entertainment services originating from Plaintiff.

23. On or about January 27, 2018, Plaintiff first became aware that Defendants had announced a new television show called "Young Americans" on Defendants' Website. Defendants' Website announcement of the show indicates that the premiere episode was in January 2018 as part of "TLC Saturday Mornings". Defendants' Website further describes Defendants' Show as a "National Television Series focusing on entertaining, educating and empowering Millennials" that "will be taped in different millennial 'hotspots'" including "Los Angeles." A true and correct copy of Defendants' Website, specifically the page advertising Defendants' Show, is attached hereto as Exhibit B.

24. On information and belief, Defendants have already recorded and broadcasted at least one episode under the name "Young Americans" and Defendants intend to record, or have already recorded, an episode filmed in Los Angeles, California.

25. Based on Plaintiff's widespread, long-standing and continuous use of The Young Americans Mark for entertainment services directed at young adults, as well as its incontestable federal trademark registration, Plaintiff is informed and believes that Defendants had not only constructive notice, but actual notice, of Plaintiff's rights to The Young Americans Mark before selecting their infringing name "Young Americans" for Defendant's Show. On information and belief, despite actual and constructive notice of Plaintiff's ownership of The Young Americans Mark, Defendants have continued, and intend to continue, advertising, promoting and broadcasting Defendants' Show under the name "Young Americans" in violation of Plaintiff's trademark rights.

///
///

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement -- 15 U.S.C. Section 1114(a))

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. The Young Americans Mark, U.S. Registration No. 2,535,518, is a valid and protectable trademark to which Plaintiff owns the exclusive rights of use. By statute, Defendants have been on constructive notice of Plaintiff's ownership and rights in the mark since the registration date of February 5, 2002.

28. Defendants' use of "Young Americans" in connection with Defendants' Show is intended to and likely will cause confusion among consumers as to the source, origin, association, sponsorship or endorsement by Plaintiff of Defendants' Show in violation of 15 U.S.C. Section 1114(a).

29. The acts of Defendants have been done willfully and with full knowledge of Plaintiff's rights in its mark and with constructive notice of Plaintiff's federal registration. Defendants' acts continue to be done willfully and intentionally, notwithstanding Defendants' actual and constructive knowledge of Plaintiff's rights in The Young Americans Mark, thus making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, and thereby entitling Plaintiff to damages, attorneys' fees, and costs.

30. Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin -- 15 U.S.C. Section 1125(a))

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Defendants, either independently or through collaboration with one another, are using Plaintiff's Mark in connection with their services.

33. Defendants use Plaintiff's Mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the goodwill and reputation of Plaintiff.

34. The use in commerce of Plaintiff's Mark by Defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that Defendants' services are associated with, authorized, sponsored, or controlled by Plaintiff. Defendants' unauthorized use of the Plaintiff's Mark will tend to cause and, on information and belief, has caused confusion among the consuming public regarding the origin or quality of Defendants' services.

35. Defendants' use in commerce of Plaintiff's Mark in connection with their services constitutes a false designation of the origin and/or sponsorship of such services and falsely describes and represents such services.

36. By their acts as alleged herein, Defendants have falsely designated and represented services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the goodwill of Plaintiff to sell Defendants' own services and have otherwise competed unfairly with Plaintiff.

37. On information and belief, Defendants are now committing the acts complained of above with full knowledge that their acts are unlawful.

38. Defendants have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to Plaintiff's Mark.

39. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and goodwill in connection with Plaintiff's Mark.

40. As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

41. On information and belief, Defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

42. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's goodwill and business reputation.

43. Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition in Violation of Cal. Bus. & Prof. Code Section 17200)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendants' acts constitute unfair methods of competition, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising in violation of California Business and Professions Code Section 17200, et seq.

46. Defendants have willfully engaged in said practice for their own commercial advantage with full knowledge that use of Plaintiff's Mark for Defendants' Show was and is unfair, misleading, untrue and/or deceptive.

47. Defendants' unlawful, unfair, fraudulent, deceptive, and misleading business has misled and will continue to mislead the public.

48. Defendants' use of Plaintiff's Mark is causing Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law, thus entitling Plaintiff to injunctive relief.

///

## FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. Defendants' actions and conduct in adopting and using Plaintiff's Mark in California constitute trademark infringement under California common law.

51. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

52. Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by Defendants' acts in violation of California common law, thereby entitling Plaintiff to injunctive relief.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees and attorneys and those in act of concert or participation with them from using any name or mark that consists in whole or in part of "The Young Americans" or any name, mark or slogan confusingly similar to that mark with respect to Defendants' Show.

2. For an order from the Court requiring that Defendants and all those in privity with them turn over to Plaintiff any materials in Defendants' possession bearing Plaintiff's Mark or an order that all such materials be destroyed pursuant to 15 U.S.C. Section 1118.

3. For an award of treble the amount of all damages sustained by Plaintiff as a result of Defendants' wrongful acts, including but not limited to an award pursuant to 15 U.S.C. Section 1117.

4. For an accounting of Defendants' profits from its wrongful acts, including but not limited to a statement of all revenues and profits made as a result of Defendants' sale or advertising, or any other source of revenue, related to

Defendants' Show.

5. For an award of Plaintiff's reasonable attorneys' fees and costs incurred herein.

6. For an award of prejudgment interest on all amounts Defendants are ordered by this Court to pay Plaintiff according to law.

7. For such other and further relief the court deems just and proper.

Dated: February 12, 2018

RUTAN & TUCKER, LLP
MICHAEL ADAMS
MEREDITH L. WILLIAMS

By: /s/ Michael Adams
Michael Adams
Attorneys for Plaintiff
THE YOUNG AMERICANS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiff The Young Americans, Inc. hereby demands a jury trial on all issues so triable.

Dated: February 12, 2018

RUTAN & TUCKER, LLP
MICHAEL ADAMS
MEREDITH L. WILLIAMS

By: /s/ Michael Adams
Michael Adams
Attorneys for Plaintiff
THE YOUNG AMERICANS, INC.